**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6518**

GREGORY PERRY,

           Petitioner - Appellant,

      v.

HAROLD W. CLARKE; CORRECT CARE SOLUTIONS, LLC, et. al.,

           Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:17-cv-00664-LO-IDD)

Submitted:  September 28, 2018                    Decided:  October 11, 2018

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Gregory Perry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Perry seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2012) petition as moot following his release from custody.[*] "Article III of the Constitution limits federal-court jurisdiction to cases and controversies," and "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point in the litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (internal quotation marks omitted). The Supreme Court has articulated a presumption that "a wrongful criminal conviction has continuing collateral consequences," *Spencer v. Kemna*, 523 U.S. 1, 8 (1998), such that the release from custody of a prisoner who is attacking the validity of a state conviction in a federal habeas petition does not render the petition moot, *id.* at 8-12.

Because Perry seeks to invalidate his Virginia conviction, his release from custody did not render his § 2254 petition moot. We therefore vacate the district court's order dismissing the petition and remand the case to the district court for further proceedings.

---

[*] Although Perry filed his notice of appeal five days after the expiration of the applicable appeal period, *see* Fed. R. App. P. 4(a)(1)(A), we have jurisdiction over this appeal. Because the district court did not file a separate document setting forth its judgment, as required by Fed. R. Civ. P. 58(a), the judgment was deemed entered and became effective on August 30, 2018. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(2), (a)(7)(A)(ii). In addition, although a certificate of appealability generally is required to appeal "the final order in a habeas corpus proceeding," 28 U.S.C. § 2253(c)(1)(A) (2012), we conclude that none is required here because the district court's dismissal as moot is unrelated to the merits of the § 2254 petition. *See Harbison v. Bell*, 556 U.S. 180, 182-83 (2009); *United States v. McRae*, 793 F.3d 392, 399 (4th Cir. 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED